[2 NYS3d 775]

WAYNE BALLARD, as Superintendent of Highways, Town of Clarkstown, New York, Petitioner/Plaintiff, v ALEXANDER J. GROMACK, as Supervisor of the Town of Clarkstown, et al., Respondents/Defendants.

Supreme Court, Rockland County, February 17, 2015

**APPEARANCES OF COUNSEL**

*Feerick Lynch MacCartney, PLLC*, South Nyack (*Dennis E.A. Lynch* of counsel), for petitioner/plaintiff.

*Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, White Plains (*Robert A. Spolzino* of counsel), for respondents/defendants.

**OPINION OF THE COURT**

ROBERT M. BERLINER, J.

It is ordered that these motions are disposed of as follows:

On or about July 24, 2012, the respondents/defendants Town Board of the Town of Clarkstown (hereinafter collectively the Town) passed Local Law No. 1-2012 of the Town of Clarkstown, entitled "A Local Law to Transfer the Function of Highway Department Mechanics and Consolidating all Town Mechanics under the Town Garage Department." The aforesaid title accurately and succinctly describes exactly what the law was intended to do. Previously, the supervision of the mechanics was within the purview of the Superintendent of Highways, an elected position. The newly created Town Garage Department was to be supervised by a Fleet Manager appointed by the Town Board, and thus not directly accountable to the taxpayers of the town, but rather answerable to the Town Board. Thus, to state the obvious, if town residents were unhappy with the performance of the Superintendent of Highways, they could vote him or her out of office. They have no such power with respect to the Town Fleet Manager, who is an appointee of the Town Board.

By decision and order dated September 25, 2013, the court granted the Town's motion to dismiss to the extent of dismiss-

ing all claims asserted by petitioners/plaintiffs other than Superintendent Ballard and denied petitioners/plaintiffs' cross motion to convert the motion to a summary judgment motion.

Counsel appeared before the undersigned at a November 14, 2013 preliminary conference, at which time the court directed that certain disclosure take place and motions for summary judgment be made within 60 days from the completion of discovery. Consistent with this schedule, the instant summary judgment applications followed.

Neither party submits that material issues of fact exist that would preclude the court from awarding summary judgment in this matter. Rather, both Superintendent Ballard and the Town each assert that the pertinent facts support judgment in their favor as a matter of law. Although the parties agree that judgment should be awarded as a matter of law, their assertions regarding which party is entitled to summary judgment could not be more divergent. Notwithstanding their differences, the court agrees with the parties that this matter presents solely questions of law, which renders summary judgment proper. (*See Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 291 [1973] [holding that "(t)he test on summary judgment is whether the issue is one of law or of fact (CPLR 3212, subd. [b])"].)

The Town moves for summary judgment based upon its assertion that Local Law No. 1-2012 does not conflict with provisions of the Highway Law regarding the duties of the Superintendent of Highways. According to the Town, the power to appoint town employees rests with the Town Board and nothing in the Highway Law divests it of this power with respect to employees who are not actually engaged in the repair, maintenance and removal of snow from highways and bridges. Given this, Local Law No. 1-2012 merely consolidated the town's vehicle maintenance functions into one central garage by providing that all of the town's vehicle maintenance mechanics would be appointed by the Town Board rather than the Superintendent of Highways. The Town states that Superintendent Ballard still maintains control of all Highway Department equipment. The Town Board defends its adoption of Local Law No. 1-2012 based upon their overarching "general management and control of the finances of the town" under Town Law § 64 (1), (3). According to the Town, the provisions of Highway Law § 140 constitute neither "conflict preemption" nor "field preemption" regarding the appointment of vehicle maintenance

mechanics covered by Local Law No. 1-2012, as the Highway Law is silent as to the appointment of vehicle maintenance mechanics.

Superintendent Ballard also moves for summary judgment and argues that Local Law No. 1-2012 is preempted by Highway Law §§ 140 and 142 *et seq*. Specifically, Ballard states that Local Law No. 1-2012 substantially impairs and diminishes his power to hire "such persons as may be necessary for the maintenance and repair of town highways and bridges, and the removal of obstructions caused by snow" under Highway Law § 140 (4) by placing vehicle maintenance mechanics under the control of the Town Board and its appointed Fleet Manager. Ballard continues that Local Law No. 1-2012's stated purpose, "to transfer the function of all Highway Department mechanics from the jurisdiction of the Superintendent of Highways as appointing authority to the Town Board as appointing authority so as to consolidate the Town's various automotive mechanic operations," stands in direct conflict with his powers under Highway Law § 140 (4), giving rise to conflict preemption regarding the supervision of the vehicle maintenance mechanics.

Superintendent Ballard explains that Local Law No. 1-2012 strips him of the ability to hire and fire the mechanics who keep highway equipment operating, negatively impacting his ability to maintain discipline and dedication amongst these employees. These mechanics previously reported directly to Superintendent Ballard, who would at times direct them to plow snow, cut trees, remove roadside debris and load salt based upon emergency responses and staff shortages. Under Local Law No. 1-2012, Superintendent Ballard must now make such requests for mechanics and report disciplinary problems with mechanics to the Fleet Manager, fundamentally taking away his ability to directly supervise these employees. In sum, Superintendent Ballard states that Local Law No. 1-2012 authorizes the appointed Fleet Manager to make decisions that directly impact his ability to perform his statutory duties as the duly-elected Highway Superintendent and usurps the powers conferred upon him by the Highway Law.

Although both parties go to great lengths to establish or debunk current or prospective savings stemming from the Town's adoption of Local Law No. 1-2012, the court reiterates that the issue before it is not "whether the Town of Clarkstown is prohibited by the Highway Law from saving money by

consolidating its vehicle maintenance operations in one central garage," but rather whether the Town did so legally.

The proponent of a summary judgment motion bears the burden of proving prima facie entitlement to judgment in its favor as a matter of law and without the need for a trial. (*See* CPLR 3212; *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986].) "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985].) Once this burden is met, the party opposing summary judgment must establish, through admissible evidence, the existence of material issues of fact to preclude summary judgment. (*See Zuckerman v City of New York*, 49 NY2d 557 [1980].)

Regarding Superintendent Ballard's preemption claims, the Court of Appeals has held that

> "[t]he preemption doctrine represents a fundamental limitation on home rule powers. While localities have been invested with substantial powers both by affirmative grant and by restriction on State powers in matters of local concern, the overriding limitation of the preemption doctrine embodies 'the untrammeled primacy of the Legislature to act . . . with respect to matters of State concern.' Preemption applies both in cases of express conflict between local and State law and in cases where the State has evidenced its intent to occupy the field." (*Albany Area Bldrs. Assn. v Town of Guilderland*, 74 NY2d 372, 377 [1989] [citations omitted].)

New York State Highway Law provides a comprehensive statutory scheme and confers various duties and responsibilities upon town superintendents. Amongst these is Highway Law § 140 (4), which provides that

> "[t]he town superintendent shall . . . [w]ithin the limits of appropriations employ such persons as may be necessary for the maintenance and repair of town highways and bridges, and the removal of obstructions caused by snow, subject to the approval of the town board, and provide for the supervision of such persons."

Further, Highway Law § 142 (2) states that "[a]ll tools, implements and other highway equipment owned either by the town or the highway districts therein . . . shall be under the control of the superintendent and *be cared for by him* at the expense of the town" (emphasis added). The mandate that such tools,

implements and other highway equipment be "cared for" by the Highway Superintendent authorizes the employment of vehicle maintenance mechanics who would provide such services and care.

The court finds vehicle maintenance mechanics to be amongst "such persons" referred to in Highway Law § 140 (4) whom the Highway Superintendent shall employ. The court is unpersuaded by the Town's argument that Highway Law § 140 (4) has nothing to do with vehicle maintenance mechanics who do not work directly on the highways. It strains credulity that a highway superintendent can hire and supervise personnel who operate highway tools, implements and equipment, but not those tasked with the maintenance and upkeep of that same equipment. Coordination and cooperation between both groups is essential for the proper discharge of the duties of Highway Superintendent. The fact that these mechanics have been called upon in the past to plow snow, cut trees, remove roadside debris and load salt underscores the reasoning for them being appointed by the Highway Superintendent rather than the Town Board. The Town's stated intent in Local Law No. 1-2012, to wit, "to transfer the function of all Highway Department mechanics from the jurisdiction of the Superintendent of Highways as appointing authority to the Town Board as appointing authority," is in direct conflict with the power conferred upon Superintendent Ballard pursuant to Highway Law § 140 (4) and is therefore preempted.

The court's findings are consistent with Superintendent Ballard's occupancy of the elected position of Highway Superintendent, as he is thereby answerable to the residents of the Town of Clarkstown. In contrast, town residents do not have the same recourse with respect to the actions of the appointed Fleet Manager, who is answerable only to the Town Board.

Based upon the foregoing, Ballard's cross motion for summary judgment is granted and the Town's motion is denied.

Counsel Fees

Superintendent Ballard seeks an award of attorney's fees pursuant to 42 USC § 1988. This claim is premised upon his 42 USC § 1983 claim that the Town's passage of Local Law No. 1-2012 deprived him of a property interest in the public office of Highway Superintendent and significantly altered his status in this elected position and his ability to perform such duties without due process of law, in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

The Town opposes Superintendent Ballard's claim for counsel fees, claiming, inter alia, that the diminution of his authority as Highway Superintendent does not constitute a deprivation of a protected property interest, as he only has a property interest in his salary. In addition, the Town claims that the Town Board is entitled to absolute legislative immunity for the adoption of Local Law No. 1-2012. The Town also asserts that the office of Highway Superintendent is not a "person" within the meaning of the Fourteenth Amendment, there is no procedural due process regarding a legislative act, Local Law No. 1-2012 was not subject to a permissive referendum, and there can be no Fifth Amendment due process claim against the Town, which is not a federal actor.

"In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." (42 USC § 1988 [b].)

> "[A]ttorney's fees are available under section 1988 where relief is sought on both State and Federal grounds, but nevertheless awarded on State grounds only. In such a case, if a constitutional question is involved, fees may be awarded if the constitutional claim is substantial and arises out of a common nucleus of operative fact as the State claim." (*Matter of Giaquinto v Commissioner of N.Y. State Dept. of Health*, 11 NY3d 179, 191 [2008] [citation omitted].)

"Public offices are created for the benefit of the public, and not granted for the benefit of the incumbent, and the office holder has no contractual, vested or property right in the office." (*Lanza v Wagner*, 11 NY2d 317, 324 [1962].)

The court declines to subscribe to Superintendent Ballard's argument that the Town has "significantly altered" his protected status as Highway Superintendent by enacting Local Law No. 1-2012. The court further finds that the Town's passage of Local Law No. 1-2012 did not deprive Superintendent Ballard of a property interest in the public office of Highway Superintendent, significantly alter his status in this elected position or involve a constitutional question.

Based upon the foregoing, Superintendent Ballard's application for counsel fees pursuant to 42 USC § 1988 is denied, in the court's discretion.